**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

**Robert M. Kort** – 016602
Direct Dial: 602.262.5783
Email: rkort@lewisroca.com

**Ari Hoffman** – 036657
Direct Dial: 602.262.0851
Email: ahoffman@lewisroca.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Gary L. Wagoner, designated representative for patient Caitlin Walls,<br><br>Plaintiffs,<br><br>vs.<br><br>Pinnacle West Capital Corporation,<br><br>Defendant. | No. _____<br><br>**NOTICE OF REMOVAL** |

Defendant Pinnacle West Capital Corporation ("Pinnacle West") submits this Notice of Removal of the above-entitled action from the Maricopa County Justice Court of the State of Arizona to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446, and states as follows:

1.  This is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a) and which may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (c) because it arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et. seq*.

2.  On July 14, 2022, Pinnacle West was served through its statutory agent, CT Corporation, with a Summons and Complaint in the case entitled *Dr. Gary L. Wagoner, Designated Representative for patient Caitlin Walls v. Pinnacle West Capital Corporation*, Maricopa County Justice Court, Case No. CC2022-110363SC. A

118535430.1

true and complete copy of the Summons and Complaint are attached hereto as Exhibits A and B.

3. No other pleadings have been filed by the Plaintiff in this action except those that are attached to this Notice of Removal.

4. This Notice of Removal is timely filed with the District Court, as it is being filed within thirty (30) days after receipt of the Complaint by Pinnacle West on July 14, 2022, which is the document that provides the basis for removal. *Anderson v. State Farm Mutual Automobile Insurance Company*, 917 F.3d 1126 (9th Cir. 2019).

## Basis for Removal

5. Removal of this civil action is proper because it arises under the laws of the United States. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the claims raised are governed and completely preempted by ERISA. Congress granted exclusive jurisdiction to the District Courts for actions brought under 29 U.S.C. § 1132(a) to recover benefits due under the terms of an ERISA plan or to enforce rights under an ERISA plan. 29 U.S.C. § 1132(e)(1). Further, 29 U.S.C. § 1132(f) provides:

> The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

6. The Complaint alleges that Plaintiff provided medical services to patient Caitlin Walls and demands payment from Pinnacle West for those services pursuant to the terms of an employee welfare benefit plan that is governed by ERISA.

7. Specifically, Caitlin Walls is a participant and beneficiary in the Pinnacle West Capital Corporation Group Life and Medical Plan (the "Plan"). The Plan is funded by Pinnacle West and administered by Cigna Health and Life Insurance Company ("Cigna") to provide specific health care benefits to Pinnacle West's eligible employees and their dependents. The Plan is an "employee welfare benefit plan" as defined under ERISA.

8. The Complaint alleges that Pinnacle West failed to pay benefits due under the Plan for an outpatient nerve conduction velocity test rendered to Caitlin Walls.

9. Plaintiff's claims are rooted in the Plan itself and represent Plaintiff's attempt to recover benefits alleged to be due under the Plan. The Complaint alleges, among other things, that Pinnacle West breached the terms of the Plan by denying benefit payments to Caitlin Walls, and the attachments to the Complaint reference various appeals that were submitted to and decided by Cigna under the Plan, confirm that the Plan is governed by ERISA, and assert that Cigna violated ERISA in deciding Ms. Walls' internal appeals under the Plan.

10. Plaintiff's claims are completely preempted and properly removed to this Court as the claims, at bottom, seek recovery of benefits under the Plan and require the interpretation and application of Plan terms.

11. The civil enforcement provisions of ERISA provide the exclusive vehicle for actions to recover benefits under an ERISA plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). ERISA's civil enforcement mechanism has "such extraordinary preemptive power that it converts an ordinary state common law claim into a federal one for purposes of the well-pleaded complaint rule." *Aetna Health Ins. Co., v. Davila*, 542 U.S. 200, 209 (2004).

12. The Supreme Court established a two-prong test for complete preemption under ERISA, 28 U.S.C. § 1132(a), in *Davila*, 542 U.S. at 210. Pursuant to that test, a state law cause of action is completely preempted if: (1) "an individual at some point in time could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Id*.

13. The first prong of the *Davila* test is satisfied because "an individual at some point in time could have brought [the] claim under ERISA § 502(a)(1)(B)." Specifically, the Plan beneficiary (Caitlin Walls) or a provider acting under a valid

assignment of ERISA benefits from Ms. Walls (which Dr. Gary L. Wagoner purports to possess) could have brought a claim to recover Plan benefits under 29 U.S.C. § 1132(a)(1)(B).

14. The second prong of the *Davila* test is satisfied because there is no duty implicated by Pinnacle West's actions except for its alleged failure to pay benefits under the Plan.

15. Plaintiff's state law causes of action and relief are preempted as improperly duplicating, supplementing and supplanting the ERISA civil enforcement remedies and, in accordance with ERISA § 502(a), these claims fall under ERISA and are thereby completely preempted. *See Davila*, 542 U.S. at 209.

16. The undersigned attorney certifies that he has caused a copy of the original Notice of Removal to be filed with the Maricopa County Justice Court of Arizona.

WHEREFORE, Pinnacle West respectfully requests this Court to assume jurisdiction over the cause herein, as provided by law.

RESPECTFULLY SUBMITTED this 12th day of August, 2022.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: *s/Robert M. Kort*
Robert M. Kort
Ari Hoffman
201 East Washington Street, Suite 1200
Phoenix, AZ  85004
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and served the attached document by e-mail on the following, who is not a registered participant of the CM/ECF System:

Dr. Gary L. Wagoner – drgarydcbh@yahoo.com

By: <u>  s/Ashly White  </u>

118535430.1

5