**Lewis Roca Rothgerber Christie LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004-2595

**Robert M. Kort** – 016602
Direct Dial: 602.262.5783
Email: rkort@lewisroca.com

**Ari Hoffman** – 036657
Direct Dial: 602.262.0851
Email: ahoffman@lewisroca.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Gary L. Wagoner, designated representative for patient Caitlin Walls, | No. CV-22-1359-PHX-SMB |
| Plaintiffs, | **DEFENDANT'S MOTION TO DISMISS COMPLAINT** |
| vs. | |
| Pinnacle West Capital Corporation, | |
| Defendant. | |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Pinnacle West Capital Corporation ("Pinnacle West") moves to dismiss Plaintiffs' Complaint.[1]

## I.    INTRODUCTION

Plaintiff's claims in this action expressly relate to the denial of benefits that Plaintiff alleges are due under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a). Indeed, throughout his Complaint, Plaintiff alleges that Pinnacle West improperly failed to pay benefits under the ERISA Plan for medical services that Plaintiff contends should have been covered under the Plan.

Plaintiff, an out-of-network health care provider, purports to bring his claims against Pinnacle West pursuant to a written assignment from the ERISA plan member, Caitlin Walls, assigning to Plaintiff her rights and benefits under the ERISA plan.

[1]  Pursuant to LRCiv 12.1(c), a certificate of conferral is attached hereto as Exhibit 1 certifying that counsel for Pinnacle West notified Plaintiff of the issues asserted in this motion.

118547550.1

Because Plaintiff's claims (like those that Ms. Walls could have asserted on her own) expressly relate to benefit coverage decisions under an ERISA plan, they are conflict preempted under Section 514(a) of ERISA and must be dismissed.

## II.      FACTUAL BACKGROUND[2]

Caitlin Walls is a participant in the Pinnacle West Capital Corporation Group Life and Medical Plan (the "Plan").  The Plan is funded by Pinnacle West and administered by Cigna Health and Life Insurance Company ("Cigna") to provide specific health care benefits to Pinnacle West's eligible employees and dependents. The Plan is an "employee welfare benefit plan" as defined under ERISA, 29 U.S.C. § 1002(1)(A).  *See, e.g.,* Attachment to Complaint [Doc. 1-3] at 40 (Plaintiff's appeal letter to Cigna's National Appeals Unit stating that he sent a copy of his appeal to Ms. Walls' employer "since this is an ERISA policy.").

Plaintiff is a physician who provided medical services to Ms. Walls at Valley Wellness Center.  *Id. at* 1.  Plaintiff submitted a claim pursuant to the Plan and contends that the medical services he provided to Ms. Walls are "covered benefits of the Plan."  *Id.* at 2.  Plaintiff alleges that his claim was improperly denied and that, pursuant to terms of the Plan, Pinnacle West owes $2,750.00 in Plan benefits.  *Id.* at 1. Plaintiff further alleges that, as Ms. Walls' authorized representative, he submitted internal appeals to Cigna under the Plan and that Cigna denied those appeals.  *See id.* at 6-9 ("Timeline of Events" describing Cigna's claims denials and Plaintiff's appeals of claims denials), 31-32 (Cigna's November 21, 2020 appeal decision upholding denial of claim), 51-57 (Cigna's February 3, 2022 appeal decision upholding denial of coverage).

---

[2]   For purposes of Pinnacle West's Motion to Dismiss, Pinnacle West assumes the truth of the factual allegations in Plaintiff's Complaint, which includes a 76-page attachment ("Complaint Attachment") that is comprised of a 10-page narrative statement signed by Plaintiff and excerpts from various Plan documents, including benefit coverage determination letters from Cigna to Ms. Walls, Provider Explanation of Medical Benefits Reports, and the Summary Plan Description for the Plan.

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

In his Complaint, Plaintiff contends that he has standing to assert a claim against Pinnacle West for Plan benefits as Ms. Walls's duly authorized representative pursuant to a written assignment from Ms. Walls.  *Id.* at 1.  By virtue of that assignment, Plaintiff asserts state law claims on behalf of Ms. Walls for breach of contract, unjust enrichment and the alleged violation of Arizona statutes governing the timely adjudication of claims and utilization review decisions by health care insurers. Complaint, ¶¶ 1-5.  Plaintiff also contends that Pinnacle West/Cigna committed unspecified ERISA violations in deciding Plaintiff's appeals under the Plan.  *See* Complaint Attachment at 55 (alleging that Cigna's appeal decision letter "is a lie and violates ERISA and A.R.S. Title 20").

## III.   PLAINTIFF'S CLAIMS ARE PREEMPTED UNDER SECTION 514(A) OF ERISA.

### A.   ERISA Preemption

Congress enacted ERISA so that employers could "establish a uniform administrative scheme, [with] a set of standard procedures to guide processing of claims and disbursement of benefits." *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 148 (2001).  To ensure a uniform regulatory regime over employee benefit plans, ERISA "includes expansive pre-emption provisions, which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 208 (2004).

ERISA has two distinct preemption provisions: (1) "complete preemption" under Section 502(a); and (2) "conflict preemption," also known as "express preemption," under Section 514(a) of ERISA.  *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944-45 (9th Cir. 2009).  Complete preemption is a jurisdictional doctrine under which a select collection of claims, regardless how they are pled, are considered to be "necessarily federal" and may therefore be removed to federal court. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64-65 (1987).  Conflict preemption allows a defendant to move to dismiss state-law causes

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

of action "insofar as they . . . relate to any employee benefit plan" governed by ERISA.  29 U.S.C. § 1144(a); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983).

## B.    The Broad "Relates To" Test for Conflict Preemption

Section 514(a) of ERISA contains an express preemption provision which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan" that ERISA covers.  29 U.S.C. § 1144(a) (emphasis added).  The Supreme Court has "observed repeatedly that this broadly worded provision is 'clearly expansive.'"  *Egelhoff,* 532 U.S. at 148 (2001).  As such, a state law claim relates to an ERISA benefit plan and is preempted under Section 514(a) if the claim has either a "connection with" or a "reference to" an ERISA-governed benefit plan.  *Wise v. Verizon Commc'ns Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (quoting *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)); *see also Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1095 (9th Cir. 1985) (Section 514(a) "is to be broadly construed" and preempts any state law claims "which either directly or indirectly relate to an employee benefit plan").

When, as here, a provider's state law claims challenge the denial of benefits under an ERISA-regulated plan, the claims are preempted by ERISA and must be dismissed.  *See, e.g., Pilot Life Ins. Co.* 481 U.S. at 43 (ERISA "preempts state common law tort and contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan"); *Melamed v. Blue Cross of Cal,* 557 F. App'x 659, 660 (9th Cir. 2014) (healthcare provider's breach of contract claim "is completely preempted because through that claim, [it] seeks reimbursement for benefits that exist 'only because of [the defendant's] administration of ERISA-regulated benefit plans'"); *Crull v. Gem Ins. Co.,* 58 F.3d 1386, 1390 (9th Cir. 1995) (state law claims of estoppel, waiver, breach of contract, and bad faith all "relate to" an ERISA-regulated benefit plan because they represent attempts to recover benefits allegedly owed under the plan); *Peacock Med. Lab, LLC v. UnitedHealth Group, Inc.*, 14-81271-CV, 2015 WL 5118122, at *3 (S.D. Fla. Sept. 1, 2015) ("If a health care

provider sues a plan administrator, ERISA preempts those claims that are based upon the failure of a covered plan to pay benefits, center on the issue of coverage under the plan, or are based on an interpretation of the plan's terms") (internal quotations and citations omitted).

**C.    Plaintiff's Claims Relate To Pinnacle West's Benefit Coverage Decisions Under the Member's ERISA Plan.**

Plaintiff's allegations in the Complaint expressly confirm that his claims have both a "connection with" and a "reference to" the ERISA plan in which Ms. Walls is a participant.   In order to determine whether Pinnacle West (through the Plan's claims administrator, Cigna) properly processed and adjudicated Plaintiff's benefit claims, the Court must review the terms of the Plan, including those addressing coverage for the out-of-network services Plaintiff provided to Ms. Walls.   Plaintiff is unquestionably seeking to recover benefits under an ERISA-regulated plan, the interpretation of which is necessary to determine Pinnacle West's coverage and payment obligations under the Plan.

In fact, the benefit coverage determination letters that Plaintiff attached to his Complaint and which form the basis for his claims confirm that Cigna, as the Plan's claims administrator, made its coverage decisions based on the terms of Ms. Walls's ERISA benefit plan.  *See, e.g.,* Complaint Attachment at 14 ("You are receiving this letter because, as noted on your Explanation of Benefits, there is a service we cannot cover ***under your benefit plan*** . . .") (emphasis added), 31 ("All the original information in your file, the information submitted with this request ***and the terms of your benefit plan*** were reviewed") (emphasis added).

Because Plaintiff is challenging Cigna's benefit coverage decisions under an ERISA plan, his state law claims against Pinnacle West for breach of contract (*i.e.,* Pinnacle West's alleged breach *of the Plan*), unjust enrichment and the alleged violation of Arizona insurance statutes are preempted by ERISA, and his sole potential

1    avenue of recourse is to pursue a claim for ERISA plan benefits under 29 U.S.C. §

2    1132(a)(1)(B).[3]

3    **IV.     CONCLUSION**

4            Because Plaintiff's claims are preempted under ERISA, Pinnacle West

5    respectfully requests that the Court dismiss Plaintiff's Complaint.

6            RESPECTFULLY SUBMITTED this 17th day of August, 2022.

7                                              LEWIS ROCA ROTHGERBER CHRISTIE LLP

8

9                                              By:   *s/Robert M. Kort*
                                                     Robert M. Kort
                                                     Ari Hoffman
10                                                   201 East Washington Street, Suite 1200
                                                     Phoenix, AZ  85004
11                                                   *Attorneys for Defendant*

---

[3]    Pinnacle West does not concede that Plaintiff has standing to pursue an ERISA claim on behalf of Ms. Walls by virtue of her assignment, but the Court need not decide that issue in finding that Plaintiff's claims are conflict preempted under Section 514(a) of ERISA.

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

118547550.1

6

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and served the attached document by e-mail on the following, who is not a registered participant of the CM/ECF System:

Dr. Gary L. Wagoner – drgarydcbh@yahoo.com

By:   _s/Ashly White_

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

LEWIS ROCA

118547550.1

7